Johnson Land Company, Inc., the defendant in the court below, petitions this court for a writ of mandamus commanding the trial judge to vacate his order restoring the above referenced case to the trial docket of the Montgomery County Circuit Court.
The facts as gleaned from the pleadings filed by the parties tend to show that the will of Francis Babston was admitted to probate on June 6, 1985. Her son, Zane Babston, was named executor of the estate on October 17, 1985. Francis Babston left a will with a codicil thereto which left all of her property to her sons, Zane and Richard Babston. Included in the estate is a parcel of real estate described as Lot 18, Block Number 38 according to the Plat of Capitol Heights, recorded at Plat Book 2, pages 34-35, in the offices of the Judge of Probate of Montgomery County, Alabama. Title to that parcel of real estate has been called into question by the petitioner herein, Johnson Land Company, Inc. ("Johnson").
It appears that after Zane Babston was named executor of the Babston estate, his brother, Richard Babston, entered into a loan agreement with Johnson whereby Richard received $3,650. Richard then persuaded Zane to co-sign the loan documents, including an installment note for $3,650 *Page 507 
and a "Corporate Mortgage" that placed a lien on the above described parcel of real estate in favor of Johnson. The debt thus incurred was not repaid and Johnson brought foreclosure proceedings and took possession of the property, made improvements, and leased the premises. Two and one half years later, on September 19, 1988, Babston brought suit against Johnson, claiming that the mortgage was void because it was entered into during the six-month period in which claims could be filed against the estate. See Code 1975, § 43-2-350.
Zane Babston, as plaintiff, sought to be relieved of the debt to Johnson and sought a ruling ordering that the Capitol Heights property be dedicated to the payment of estate debts. This action came two and one half years after the estate was probated and the debt was incurred. During this period, it is alleged, the Babstons made no effort to redeem title to the property. Johnson filed a motion to dismiss, alleging thatthe Babstons had failed to redeem the property within theredemptive period. A hearing on the motion to dismiss was held on November 1, 1988, and the motion was granted on December 27, 1988. Thereafter, on January 17, 1989, Zane Babston filed a motion for rehearing. A hearing was scheduled on Babston's motion for rehearing. According to Johnson, the judge did not enter an order on the motion for rehearing at that time but stated that he would "go over the facts and enter an order at a later date."
Johnson claims that the judge never ruled on the motion, and, therefore, that the motion for rehearing was denied by operation of law at the end of 90 days from January 17, 1989, the date the motion was filed. Thus, Johnson says, the circuit court would be without jurisdiction to further act on this matter after April 17, 1989. See Ala.R.Civ.P. 59.1.
Babston claims that the judge orally granted the motion for rehearing and ordered that the case be placed back on the court docket. Babston includes in his brief to this court the affidavit of Hugh R. Evans III, the law clerk for the trial court. Evans states that at the hearing on March 3, 1989, the trial judge stated in open court that "he had not made up his mind" and that he would notify the parties of his decision. Evans further states that the trial judge told him "a few days after the hearing" that he was granting the motion and that he was restoring the case to the docket. Evans claims that to thebest of his recollection or remembrance he "informed both attorneys involved in this case of this decision." Johnson claims, however, that some two weeks before the 90-day period expired it contacted the trial judge to ascertain the status of the motion and that it subsequently heard nothing further from the court until a status conference was set by the trial judge on November 3, 1989. Johnson claims that it had contacted the Circuit Clerk "[a]pproximately 210 days after" the motion for rehearing and was informed by the Clerk that the case was closed and that "in fact it was in the closed file." Based upon this information, Johnson negotiated to sell the Capitol Heights property to the tenant it had been leasing to during the interim.
 CONTENTIONS
There is some dispute as to whether all claims against the Babston estate were lawfully filed, and as to whether all claims lawfully filed were paid by the estate. However, because this case turns upon a narrow procedural issue, we do not address the issue of these parties' rights under the statute of non-claims, Code 1975, § 43-2-350.
Johnson now petitions this court for a writ of mandamus that would void the trial court's order of November 20, 1989, reinstating the case to the docket. Johnson claims that because the trial judge did not issue any order granting the motion for rehearing within 90 days, the trial court was without jurisdiction on November 20, 1989, to order the case reinstated to the docket. The Babstons claim that the motion was, in fact, granted by the trial court, and that only a "clerical error" prevented a written order granting the motion from being issued. Johnson claims that, even if *Page 508 
we assume that a clerical error occurred in this case, the Babstons were limited to four months in which to correct the error, and that no correction was made within that time. Johnson also states that it suffered prejudice due to a lack of notice, because, it says, it relied on the silence of the trial court in proceeding with a sale of the Capitol Heights property.
 DISCUSSION
Mandamus is a proper remedy to prevent injustice and to prevent an irreparable injury when there is no other remedy at law. Ex Parte Hartwell, 238 Ala. 62, 188 So. 891 (1939). Mandamus is an extraordinary remedy to be employed to see that justice is done, but it shall not issue if there is a doubt as to its necessity or propriety. Ex Parte Garrison, 260 Ala. 379,71 So.2d 33 (1954). Mandamus is a drastic and extraordinary remedy and it should be reserved for truly extraordinary situations and circumstances. Belcher v. Grooms, 406 F.2d 14
(5th Cir. 1968). To justify issuance of the writ, there must be a clear showing of injury to the petitioner. Ex Parte Cox,451 So.2d 235 (Ala. 1983); Ex Parte Jones, 447 So.2d 709 (Ala. 1984).
In this case, it is clear that the motion for rehearing was a motion subject to Ala.R.Civ.P. 59.1. The post-trial motion entered by the Babstons is referred to as a request for a rehearing of the trial court's decision to dismiss the Babstons' suit. A motion for "rehearing" is subject to Ala.R.Civ.P. 59.1. Ex Parte Colonial Life Accident Ins. Co.,410 So.2d 73 (Ala. 1982) (applying Rule 59.1 to a motion for rehearing of a decision of the trial court granting a motion for summary judgment). In the case of French v. Steele, Inc.,445 So.2d 561, 563 (Ala. 1984), this Court stated:
 "Rule 59.1, A.R.Civ.P., provides that a motion under Rule 59 for a new trial must be ruled on within ninety days or else it is automatically denied. But the ruling that Rule 59.1 requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion. Rule 59.1 does not anticipate, and cannot accommodate, an order within ninety days by which the judge states an agreement to reconsider the judgment and to decide later whether to grant a new trial."
If the trial court allows a post-trial motion to remain pending, and not ruled upon, for 90 days, then the motion is denied by operation of law and the trial court loses its jurisdiction to further entertain that motion. Carnes v.Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert. denied,365 So.2d 985 (Ala. 1979). Most importantly, the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be "inadvertent [or] deliberate . . . [or] any other type of failure." Howard v. McMillian, 480 So.2d 1251
(Ala.Civ.App. 1985).
We believe that this controversy is controlled by the above cited authorities. We hold, therefore, that the trial judge's oral agreement to consider the facts and let the parties know of his decision on the motion for rehearing at a later date did not act as an "order which (1) grants the motion, or (2) denies the motion." French, supra. We have examined the trial court's case action summary sheet and find that there was no "order" entered by the trial court granting or denying the Babstons' motion. Under the rule, therefore, the motion was denied by operation of law at the end of 90 days. Thus, the trial court was without jurisdiction to enter any further order as of April 18, 1989, because the motion had been pending since its filing with the trial court on January 17, 1989. The 90th day had expired on April 17. It follows that the trial court's order reinstating the Babstons' case to the court docket was a nullity due to the trial court's lack of jurisdiction. This cause is due to dismissed by the trial court and removed from the court docket, and it is so ordered.
WRIT GRANTED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur. *Page 509