KENNEDY, Justice.
J.E.W., a three-year-old child, petitions through her guardian ad litem for a writ of mandamus directed to the trial court judge in this case.[1]
At issue here is the trial court’s determination, ex mero motu, that a 1990 judgment of paternity declaring the petitioner’s legal father is void.
A writ of mandamus is a drastic and extraordinary remedy. Ex parte Johnson Land Co., 561 So.2d 506 (Ala.1990). To justify the issuance of such a writ, there must be a clear showing of injury to the petitioner. Id. The writ will not issue absent a clear abuse of discretion by the trial court or where the petitioner has some other adequate remedy. Ex parte Jones, 447 So.2d 709 (Ala.1984); Ex parte Mid-Continent Systems, Inc., 447 So.2d 717 (Ala.1984).
We also note that the law strongly favors the legitimation of children. See, e.g., Davis v. Davis, 255 Ala. 488, 51 So.2d 876 (1951); Curry v. Curry, 402 So.2d 1019 (Ala.Civ.App.1981). We issue the writ.
The undisputed facts of this case are as follows:
In March 1990, the petitioner’s mother filed a complaint requesting a legal determination of the petitioner’s father. In December 1990, the trial court entered a judgment naming the petitioner’s father. This was a consent judgment, the father acknowledging in a written agreement, ratified by the court, that he was the petitioner’s father. The parties also entered into an agreement as to custody, visitation, and child support.
Subsequently, disagreements arose between the mother and the father as to the custody and placement of the petitioner. The father petitioned the trial court for relief related to these problems. A hearing on the father’s petition was held in June 1992, by a judge other than the one who had rendered the earlier judgment of paternity. Neither parent raised any issue relating to the validity of the 1990 judgment of paternity.
Evidently after the hearing, but prior to entering an order on the father’s petition, the trial court reviewed the court records of the 1990 paternity adjudication. From those records, the trial court concluded that *730 the 1990 paternity proceeding had not met the requirements of the Alabama Uniform Parentage Act, Ala.Code 1975, § 26-17-1 et seq. (the “AUPA”). In July 1992, the trial court, on its own motion, held that the earlier order of paternity was void for a lack of subject matter jurisdiction. The court ordered a stay of a resolution of the matters raised in the father’s petition until such time as there was a proper adjudication of paternity.
In sum, as matters now stand, the petitioner has been rendered illegitimate by the trial court, ex mero motu.
The petitioner requests a writ of mandamus directing the trial court to reinstate the earlier judgment of paternity.[2]
As to the adequacy of the 1990 paternity proceedings, the trial court cited Ala.Code 1975, § 26-17-7, which provides:
“Actions commenced under this chapter [the Alabama Uniform Parentage Act] shall be in the name of the state of Alabama on relation of the complaining witness or party against the person claimed to be the father or against the person alleged to owe a duty of support as the defendant. The district attorney, special prosecutor or attorney otherwise authorized to represent the state of Alabama shall appear and prosecute all proceedings brought under this chapter.”
In the present case the paternity action was brought under the AUPA in the mother’s name, and no representative of the State was involved in the prosecution of that action. The trial court held that a failure to prosecute by a representative of the state, and the failure to bring the action in the name of the state on relation of the mother, were defects that deprived the court of subject matter jurisdiction. The trial court correctly stated that a judgment rendered by a court without subject matter jurisdiction is void. Hodges v. Archer, 286 Ala. 457, 241 So.2d 324 (1970).
The AUPA says what “shall” be done with respect to the state, but it does not indicate whether this is a jurisdictional matter. We observe, however, that the AUPA has a specific set of jurisdictional provisions, at § 26-17-10, under the caption “Jurisdiction; venue; where complaint filed; process; conduct of hearing; jury.” The requirements relative to the state at § 26-17-7, which we have discussed, are not within these jurisdictional requirements.
It is undisputed that the mother complied with the “jurisdiction” provisions found at § 26-17-10.
We also note that the general substance of § 26-17-7 is such that it effectively makes the state a party that must, in a manner, be “joined.” On the analogous subject discussed in Rule 19, Ala.R.Civ.P., of the joinder of “persons needed for just adjudication,” such a joinder issue does not relate to whether a court has the legal authority to hear a particular type of case; i.e., it is not a “subject matter” jurisdiction question.
We conclude that the requirements of § 26-17-7 address a “joinder” type issue rather than one of subject matter jurisdiction.
The trial court in the paternity proceedings, absent action by a party to properly involve the state, should have adhered to the requirements of § 26-17-7. However, we hold that the failure of the court in the paternity action to do so did not render its judgment void for a lack of subject matter jurisdiction; this is not a question of subject matter jurisdiction.
WRIT GRANTED.
HORNSBY, C.J., and ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. The petitioner originally sought a writ of mandamus from the Court of Civil Appeals. That court denied the petition and, pursuant to Ala. R.App.P. 21, the petitioner seeks a writ of mandamus from this Court.

. The mother and the man previously determined to be the father have answered the petition by adopting the statement of facts and conclusions of law expressed by the trial court in its order stating that the earlier paternity judgment was void.