Jodie L. Babyak and Andrew D. Babyak were divorced on November 7, 2000. In the divorce proceedings, Mr. Babyak was awarded ownership of the marital home. Subsequent to the entry of the judgment of divorce, he filed a motion seeking to have the court clerk's office issue a quitclaim deed to the property, because, he argued, Ms. Babyak had refused to execute such a deed. The motion was granted, and the clerk's office issued a quitclaim deed, deeding Ms. Babyak's interest in the marital home to Mr. Babyak. In February 2002, he filed a motion seeking to hold Ms. Babyak in contempt. The trial court denied this motion in its July 19, 2002, final judgment.
On August 19, 2002, Mr. Babyak timely filed a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment, again seeking to have Ms. Babyak held in contempt for "lost equity" by virtue of her refusing to execute the quitclaim deed. At a hearing on September 24, 2002, the trial court continued the consideration of the issues Mr. Babyak raised in his Rule 59(e) motion until November 19, 2002, on which date another hearing was held. On December 3, 2002, the trial court entered an order granting Mr. Babyak's postjudgment *Page 199 
motion and holding Ms. Babyak in contempt for refusing to issue the quitclaim deed. The court awarded Mr. Babyak $6,000 in damages and $1,000 in attorney fees. The Alabama Court of Civil Appeals affirmed, without an opinion. Babyak v. Babyak (No. 2020338, July 11, 2003), 891 So.2d 443 (Ala.Civ.App. 2003) (table). Ms. Babyak petitioned this Court for a writ of certiorari. We reverse and remand.
Rule 59.1, Ala. R. Civ. P., requires the trial court to rule upon a postjudgment motion filed pursuant to Rule 59 within 90 days. "When a trial court does not rule on a postjudgment motion within 90 days, it is deemed denied by operation of law under Rule 59.1, Ala. R. Civ. P., and the trial court loses jurisdiction to rule on that motion." Hayes v. Apperson,826 So.2d 798, 802 (Ala. 2002); see also Ex parte Hornsby,663 So.2d 966, 967 (Ala. 1995); and Ex parte Johnson Land Co.,561 So.2d 506, 507 (Ala. 1990).
Mr. Babyak's Rule 59(e) motion was filed on August 19, 2002. The ninetieth day after the filing of his motion was November 17, 2002. The court did not rule on the motion until December 3, 2002, well after the ninetieth day. The fact that the hearing was continued by the trial court is insufficient to preserve the motion beyond November 17. Rule 59.1 permits postjudgment motions to remain pending beyond the ninetieth day only if all parties give "express consent, which consent shall appear of record." The record before us contains no mention of the agreement of parties, but in fact leads us to conclude that the court continued the hearing sua sponte. The only mention of the continuance found in the record is an October 10 pendente lite order simply recounting the court's action to continue the hearing. Because the record is devoid of any mention of the unanimous consent of the parties, we cannot assume such consent exists. Thus, Mr. Babyak's Rule 59(e) motion was denied by operation of law on November 17, 2002, and the trial court's December 3, 2002, order purporting to grant that motion is a nullity.
We reverse the judgment of the Court of Civil Appeals and remand this case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.