In this case we consider the petition for a writ of mandamus filed by Troy Chamblee and Tony Jackson, and their subsequently filed "supplemental" petition for a writ of mandamus. The petitions respectively implicate the authority of the trial judge under Rule 59.1, Ala. R. Civ. P., and *Page 245 
Rule 60, Ala. R. Civ. P. We grant both petitions.
The underlying procedural history, which is controlling, is as follows:
Chamblee and Jackson separately sued Pinkerton Security 
Investigations Services, Inc. ("Pinkerton"), and Albert Bell. The cases were consolidated for trial before Tennant M. Smallwood, Jr., circuit judge of Jefferson County.[1] On July 14, 2003, Judge Smallwood entered monetary judgments in favor of each plaintiff against Pinkerton, based on a jury verdict. On July 28, 2003, Pinkerton filed its "Motion for Judgment as a Matter of Law," pursuant to Rule 50, Ala. R. Civ. P.; the motion contained an alternative request for a new trial. Chamblee and Jackson filed a written opposition, and Judge Smallwood conducted a hearing on the motion on September 11, 2003. At the conclusion of the hearing, Judge Smallwood advised both counsel, "I'll hold it for two weeks if y'all want to talk about it. If y'all want to talk about it, I'll be glad to. Afterwards, I'll call one of you and ask you for — if you want to submit a proposed ruling. It would be in y'alls best interest to settle the case." Pinkerton's counsel asserts in his brief to this Court, and Judge Smallwood confirmed by entering orders purporting to amend his July 14, 2003, judgments (the procedural propriety of which petitioners have challenged, as hereinafter discussed), that Judge Smallwood contacted counsel for Pinkerton on September 24, 2003, to advise counsel that he was granting Pinkerton's motion for a judgment as a matter of law and to request that counsel prepare a proposed order reciting the grounds Judge Smallwood explained to counsel. On September 25 Pinkerton's counsel delivered a proposed order to Judge Smallwood's office.
Rule 59.1, Ala. R. Civ. P., as applicable to proceedings in the circuit court, provides:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
The 90th day following the filing on July 28 of Pinkerton's motion for a judgment as a matter of law was October 26, 2003. On November 10, 2003, Judge Smallwood dated, signed, and entered an 11-page "Memorandum Opinion and Order" for the consolidated cases, setting aside the judgments he had entered in favor of Chamblee and Jackson and entering a judgment as a matter of law in favor of Pinkerton. Judge Smallwood's signature on the order is preceded by the statement, "DONE AND ORDER [sic] on this the10th day of Nov., 2003." A separate entry was typed on the case action summary sheet for each case, also dated November 10, confirming that "Memorandum Opinion and Order (Judgment as a Matter of Law) [was] entered this date by separate paper. . . ."
On December 11, 2003, counsel for Chamblee and Jackson wrote to Judge *Page 246 
Smallwood to express counsel's opinion that the November 10, 2003, order was a nullity by virtue of the fact that Pinkerton's motion for a judgment as a matter of law had been denied automatically on October 26, 2003, pursuant to Rule 59.1 when the 90-day period for the pendency of a postjudgment motion had expired, and to request that Judge Smallwood enter an order setting aside the November 10 order. Receiving no response from Judge Smallwood, counsel for Chamblee and Jackson filed their petition for a writ of mandamus, asking this Court to direct Judge Smallwood to rescind his November 10, 2003, order.
On January 7, 2004, Pinkerton filed in the consolidated cases its "Motion to Amend the Record," asking Judge Smallwood, under the authority of Rule 60(a), Ala. R. Civ. P., to amend the record to reflect that Judge Smallwood had contacted Pinkerton's counsel on September 24, 2003, and had informed him that Pinkerton had prevailed on its motion for a judgment as a matter of law and had informed Pinkerton's counsel "of the reasons for the ruling and directed counsel to draft a proposed opinion including the Court's findings," and that on September 25 Pinkerton's counsel had "submitted the proposed opinion and order to the Court for the Court to review." Pinkerton's counsel asserted that "[t]he factual findings and legal conclusions of the Opinion and Order [entered on November 10, 2003,] were identical to the draft opinion and order submitted to the Court by Defendant's counsel." In its motion to amend, Pinkerton requested that Judge Smallwood "make those entries into the appropriate records to correct [sic] reflect the true facts in this matter, specifically, that the Motion for Judgment as a Matter of Law was ruled upon prior to the 90 day period expiring." Pinkerton asserted that Rule 60(a) could properly be used "to make the judgment or record speak the truth" and argued that "the truth is that the Court ruled on the dispositive motion in a timely fashion and only failed to make a notation of the ruling in the case action summary sheets." Chamblee and Jackson filed a written objection to Pinkerton's motion, and Judge Smallwood conducted a hearing on the motion on January 16, 2004. Later that same day he entered an order reciting, in pertinent part:
 "On September 24, 2003, the Court informed counsel for Defendant that the Court was granting Defendant's Motion for Judgment as a Matter of Law which had been filed on July 28, 2003. The Court specifically instructed counsel for Defendant to draft a proposed Opinion and Order stating the grounds which the Court found for the granting of said motion. The Court received the proposed Opinion and Order on September 25, 2003. Due to an oversight, the Court failed to make entries on the case action summary sheets of each matter identifying the action taken by the Court. This clerical error is due to be corrected.
 "The record of the matter in Troy Chamblee v. Pinkerton Security and Investigations Services, Inc., et al., CV-2000-2888 will now include on each case action summary sheet the following entries:
 "9/24/2003 The Defendant's Motion For Judgment as a Matter of Law is due to be granted. Counsel for Defendant was contacted and told to draft a proposed Opinion and Order stating the grounds for the granting of the Motion as determined by the Court.
 "9/25/2003 Proposed Memorandum Opinion and Order received from Defendant's Counsel. *Page 247 
 "This correction of the record reflects the true facts of this case.
 "DONE AND ORDERED on this the 16th day of January, 2004."
Chamblee and Jackson's supplemental petition for a writ of mandamus is directed to the trial court's January 16, 2004, order, and argues that Judge Smallwood had "no authority or jurisdiction to continue to issue orders in this case." The petitioners thus are requesting that the writ issue to require Judge Smallwood to rescind both the order he entered on November 10, 2003, and the order he entered on January 16, 2004, after Chamblee and Jackson had filed their initial petition for the writ of mandamus.
It is unnecessary for us to decide whether the order entered by Judge Smallwood on January 16, 2004, represents a permissible exercise of the authority and discretion accorded him by Rule 60(a), Ala. R. Civ. P., to correct "[c]lerical mistakes in judgment, orders, or other parts of the record and errors arising therein from oversight or omission." Our cases interpreting and implementing Rule 59.1, Ala. R. Civ. P., have made it clear a trial judge can "dispose of" a pending post-judgment motion only by entering a ruling granting or denying the motion.
 "In the case of French v. [Steel], Inc., 445 So.2d 561, 563 (Ala. 1984), this Court stated:
 "`Rule 59.1, [Ala.] R. Civ. P., provides that a motion under Rule 59 for a new trial must be ruled on within ninety days or else it is automatically denied. But the ruling that Rule 59.1 requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion. Rule 59.1 does not anticipate, and cannot accommodate, an order within ninety days by which the judge states an agreement to reconsider the judgment and to decide later whether to grant a new trial.'
 "If the trial court allows a post-trial motion to remain pending, and not ruled upon, for 90 days, then the motion is denied by operation of law and the trial court loses its jurisdiction to further entertain that motion. Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert. denied, 365 So.2d 985
(Ala. 1979). Most importantly, the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be `inadvertent [or] deliberate . . . [or] any other type of failure.' Howard v. McMillian, 480 So.2d 1251 (Ala.Civ.App. 1985)."
Ex parte Johnson Land Co., 561 So.2d 506, 508 (Ala. 1990).
"If a trial court does not rule on a post-judgment motion within 90 days, it loses jurisdiction to rule on the motion." Exparte Caterpillar, Inc., 708 So.2d 142, 143 (Ala. 1997). See, to like effect, Byrd v. Petelinski, 757 So.2d 400, 402 (Ala. 2000), Ex parte Davidson, 782 So.2d 237, 241 (Ala. 2000), andEx parte Babyak, 895 So.2d 198 (Ala. 2004). In its brief to this Court, Pinkerton does not take issue with the proposition that a trial court "disposes of" a postjudgment motion only by ruling on it, but it does argue that the requisite "ruling" need not be "entered" within the 90-day period prescribed by Rule 59.1.
 "Rule 59.1 does not state that a trial court must enter a judgment on the post-judgment motion within 90 days, only that a post-judgment motion shall not `remain pending in the trial court for more than 90 days.' Ala. R. Civ. P. 59.1. Moreover, Rule 59.1 does not require the entry of a written opinion or order within 90 days, only that the trial court `dispose of any pending post-judgment *Page 248 
motion within the time permitted hereunder.' Id."
(Pinkerton's reply brief, p. 11.)
We disagree. As noted, in Ex parte Johnson Land Co., supra, this Court reiterated the principle stated in French v. Steel, supra, that "`the ruling that Rule 59.1 requires to be entered within ninety days is one which (1) denies the motion, or (2) grants the motion.'" 561 So.2d at 508. Pinkerton argues that Chamblee and Jackson's position — that this Court should "ignore oral determinations by the trial court and interpret Rule 59.1 to require entry of a written opinion and order" in order to effectively "dispose of" a pending post-judgment motion — is contrary to not only Rule 59.1 but also other of the Alabama Rules of Civil Procedure, citing Rule 52 and Rule 58. Rule 52(a) provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions," but that provision simply serves to eliminate a feature of an otherwise duly entered order. Pinkerton asserts that "Rule 58 provides a number of different means for a court to render a judgment." Rule 58(a) indeed provides:
 "[A] judge may render an order or judgment: (1) by notation thereof upon bench notes without any other or further written document or (2) by executing a separate written document, or (3) by including the order or judgment in the opinion or memorandum, or (4) by simply appending to the opinion or memorandum or including therein direction as to the order or judgment sought to be entered."
Although Rule 58(a) relates simply to the "rendition" of judgments and orders, whereas Rule 58(c) describes the formalities that must attend the "entry" of a judgment or order, even Rule 58(a) requires, in each instance, a written memorialization by the judge of his or her rendition of the order or judgment in question. Stated otherwise, Rule 58(a) does not allow for an oral rendition of a judgment or order.
We take this opportunity to reaffirm that for purposes of Rule 59.1 a trial judge "disposes of" a pending postjudgment motion only by properly entering a ruling either denying or granting the motion. Ex parte Johnson Land Co., supra. Rule 59.1 must be read in conjunction and in harmony with Rule 58, which simply does not recognize an oral rendition of a judgment or order or an oral entry of a judgment or order.
Moreover, taking Judge Smallwood's January 16, 2004, order at face value, it does not purport to state that Judge Smallwood definitively "ruled on" Pinkerton's pending motion for a judgment as a matter of law on either September 24 or September 25, 2003. Rather, after acknowledging that, through oversight, he had "failed to make entries on the case action summary sheets of each matter identifying the action taken by the Court" and deeming that "clerical error" due to be corrected, Judge Smallwood phrased the new entries to be included on each case action summary sheet nunc pro tunc to state with precision what had happened on the dates in question.
As the case action summary sheet would be constituted under Judge Smallwood's order of January 16, 2004 (and we are provided with no information to the effect that the case action summary sheets have in fact been supplemented to include such entries), the fact would be established that on September 24 Judge Smallwood determined that the motion for the judgment as a matter of law "was due to be granted." Determining that a motion is "due to be" granted, however, is not the same as granting it. Lawyers familiar with the conventionally stylized phrasing of orders *Page 249 
before the adoption of Rule 58(b), Ala. R. Civ. P., will recall that it was customary for an order to state that a certain relief or disposition was "due to be, and hereby is" granted or ordered. In this case, although Judge Smallwood had decided that Pinkerton's motion for judgment as a matter of law was "due to be granted," he had not yet rendered or entered an order granting it. Rather, as reflected by the entry he directed for the case action summary sheets, counsel for Pinkerton was told to "draft a proposed" opinion and order. A "draft" of a "proposed" order obviously does not equate to a rendition of an actual order. Evidently, Judge Smallwood envisioned reviewing the proposed order after receiving it and thereafter rendering and entering it, if it met with his approval in every respect, or revising it in such particularities as he saw fit and then rendering and entering it.
Judge Smallwood's proposed case action summary sheet entry for September 25, 2003, simply declares that he "received" the "proposed" memorandum opinion and order from Pinkerton's counsel. This entry does not purport to state that the order was approved, adopted, and in any way rendered or entered on that date. Rather, as noted, when Judge Smallwood signed the "Memorandum Opinion and Order" after September 25, setting aside the judgments in favor of Chamblee and Jackson and entering a judgment as a matter of law in favor of Pinkerton, he did so under a statement declaring that his action was "DONE AND ORDER [sic] on this 10th day ofNov. 2003." Therefore, his act of rendering and entering the order was expressly stated to be effective only as of November 10, 2003. The new entries Judge Smallwood directed to be entered retroactively on the case action summary sheet of each case do not undertake to amend or contradict that declaration.
Accordingly, taking all of these matters into consideration, the nunc pro tunc case action summary sheet entry for September 24, 2003, does not "indicate an intention to adjudicate, considering the whole record," as required by Rule 58(b), Ala. R. Civ. P. Rather, it indicates an intention to adjudicate in the future, once a proposed opinion and order had been drafted and submitted, and a version of it had met with Judge Smallwood's approval.
Thus, as we held under similar circumstances in Ex parteBabyak, supra; Ex parte Davidson, supra; Doe v. Markham,776 So.2d 757 (Ala. 2000); and Ex parte Johnson Land Co., supra, we declare the order of November 10, 2003, setting aside the judgments in favor of Chamblee and Jackson and entering a judgment as a matter of law in favor of Pinkerton, to be a nullity and therefore void, and we issue the writ of mandamus directing that it be vacated. Although we need not go so far as to declare the order of January 16, 2004, a nullity, its presence in the court file, and any entries placed on the case action summary sheets for these two cases in obedience to it, would serve only to infect the record with uncertainty. Accordingly, we likewise issue the writ of mandamus as to it and direct Judge Smallwood to enter an order vacating the January 16, 2004, order and also vacating any entries that may have been placed on the case action summary sheets in conformity with that order.
As a final observation, we note that this case does not involve a situation, such as we found to be present in Farmer v.Jackson, 553 So.2d 550 (Ala. 1989), where the trial judge, in attempting to change a prior order so as to relieve a party from the automatic denial of the postjudgment motion in Rule 59.1, did so in such a manner that he "attempted to completely change the substance of the prior orders" rather than making the record "conform to the *Page 250 
truth." 553 So.2d at 553. By way of contrast, in this case Judge Smallwood has forthrightly and scrupulously attempted at each stage to have the record reflect what actually happened. In this case, however, what actually happened served simply to occasion an automatic denial under Rule 59.1 of Pinkerton's postjudgment motion.
PETITIONS GRANTED; WRITS ISSUED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
[1] At the conclusion of the evidentiary stage of the trial, Bell was dismissed as a party defendant on motion of the plaintiffs.