LYONS, Justice.
 

 Jackson Hospital & Clinic, Inc. (“Jackson Hospital”), the defendant in a medical-malpractice lawsuit, has filed a petition for the writ of mandamus challenging the trial court’s authority to enter an order setting aside the summary judgment it had entered for Jackson Hospital when the order, which was in response to a motion filed by the plaintiff, Linda Houston, to vacate the summary judgment, had been pending for more than 90 days. We grant the petition and issue the writ.
 

 I.
 
 Factual Background and Procedural History
 

 Houston sued Jackson Hospital in the Montgomery Circuit Court seeking money damages in an unspecified amount for alleged medical malpractice. Jackson Hospital filed a motion for a summary judgment in which it asserted that Houston had failed to present sufficient evidence to support her claims by means of expert
 
 *1211
 
 testimony as required by § 6-5-548, Ala. Code 1975, a part of the Alabama Medical Liability Act, § 6-5-540 et al., Ala.Code 1975. Jackson Hospital later filed a supplemental motion for a summary judgment. Those motions were set for hearing on April 28, 2009. Neither Houston nor her attorney attended the April 28 hearing, but one hour
 
 after
 
 the hearing she filed a response in opposition to Jackson Hospital’s summary-judgment motions. Attached to the response was the affidavit of Minnie Pearl Holmes, offered by Houston as an expert. The trial court entered a summary judgment in favor of Jackson Hospital on April 30, 2009.
 

 On June 2, 2009, Houston filed a motion to vacate or to set aside the order entering the summary judgment. Upon review of the motion to vacate, Jackson Hospital first became aware of Houston’s response in opposition to its summary-judgment motions because the response had not been served on counsel for Jackson Hospital. Jackson Hospital moved to strike the response on the grounds that Holmes was not qualified to testify as an expert and that the response was untimely.
 

 The trial court set a hearing for July 20, 2009, on Houston’s motion to vacate or to set aside the summary judgment. According to Houston, at the hearing, “the trial court made it perfectly clear that the issues presented were issue[s] to be tried by the jury.” Answer to petition, p. 6. On October 5, 2009, the trial court entered an order purporting to set aside the summary judgment.
 

 More than 90 days had elapsed from the time Houston filed her motion to vacate or to set aside the summary judgment and the date the trial court entered its order setting the summary judgment aside. No extension of the 90-day period within which the trial court had to rule on the motion to set aside was agreed to by the parties or entered on the record in the trial court.
 

 II.
 
 Standard of Review
 

 A petition for a writ of mandamus is the proper method for obtaining review of a trial court’s authority to rule on a posttrial motion beyond the time period set forth in Rule 59.1, Ala. R. Civ. P. See
 
 Ex parte Chamblee,
 
 899 So.2d 244, 244-45 (Ala.2004) (granting petitions for the writ of mandamus that “implicate[d] the authority of the trial judge under Rule 59.1.... ”). See also
 
 Ex parte Davidson,
 
 782 So.2d 237 (Ala.2000), in which this Court issued the writ of mandamus setting aside the trial court’s order, entered after posttrial motions had been denied by operation of law pursuant to Rule 59.1, as void.
 

 III.
 
 Analysis
 

 Houston attempts to supplement the materials before this Court by setting forth in her answer to the petition remarks attributed to the trial court at the hearing on July 20, 2009. She contends that the trial court did not exceed its discretion in setting aside its prior order, but she cites no authority in support of that contention. Jackson Hospital argues that nothing in the materials before this Court supports Houston’s statement in her answer to the petition detailing what the trial court purportedly said at the July 20, 2009, hearing. Jackson Hospital also argues that even if the trial court did indicate at the July 20 hearing that “the issues presented were issue[s] to be tried by the jury,” answer to petition, p. 6, such an oral statement was not sufficient to dispose of a pending post-judgment motion under Rule 59.1, Ala. R. Civ. P.
 

 Rule 59.1 provides:
 

 “No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for
 
 *1212
 
 more than ninety (90) days,
 
 unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie,
 
 and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
 

 (Emphasis added.) No consent appears of record and no order of this Court extended the time for the trial court to dispose of Houston’s motion to vacate or to set aside.
 

 In
 
 Ex parte Chamblee,
 
 the respondent argued that it would be contrary to the Alabama Rules of Civil Procedure for this Court to “ ‘ignore oral determinations by the trial court and interpret Rule 59.1 to require entry of a written opinion and order.’” 899 So.2d at 248. This Court disagreed and took the opportunity to “reaffirm that for purposes of Rule 59.1 a trial judge disposes of a pending post-judgment motion only by properly
 
 entering
 
 a
 
 ruling
 
 either denying or granting the motion.”
 
 Id.
 
 The Court concluded: “Rule 59.1 must be read in conjunction and in harmony with Rule 58, which simply does not recognize an oral rendition of a judgment or order or an oral entry of a judgment or order.”
 
 Id.
 
 See also
 
 Ex parte Johnson Land Co.,
 
 561 So.2d 506 (Ala.1990), in which this Court declined to recognize an oral statement by the trial court supported by an affidavit from its law clerk as sufficient to constitute disposition of a postjudgment motion within the time prescribed by Rule 59.1.
 

 Even if the trial court made the statement at the July 20, 2009, hearing that Houston relies upon in her answer to the petition, that statement is insufficient to constitute a disposition of Houston’s pending postjudgment motion. Houston’s motion had already been denied by operation of law when the trial court entered its written order purporting to set aside the summary judgment. The trial court’s order was void because it lost jurisdiction after the running of the 90-day period prescribed by Rule 59.1.
 
 Ex parte Chamblee,
 
 supra;
 
 Ex parte Davidson,
 
 supra.
 

 IV.
 
 Conclusion
 

 Jackson Hospital has shown a clear legal right to the issuance of the writ. The order entered on October 5, 2009, setting aside the summary judgment entered on April 30, 2009, is void.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.