THOMPSON, Presiding Judge,
dissenting.
In a judgment entered on November 10, 2009, the trial court, among other things, ordered Jared S. Faellaci (“the husband”) to pay Julia W. Faellaci (“the wife”) $100,000 within 120 days “to clear up any and all claims of unpaid child support.” The record indicates that on December 9, 2009, the wife filed a motion for a new trial or, in the alternative, to alter or amend the judgment. After a hearing on the wife’s motion, the trial court entered an order on January 6, 2010, denying the relief requested in the wife’s postjudgment motion, “except [as to] interest calculations and the two issues upon which the parties have agreed.” The order did not include the amount of interest, if any, to be paid. On January 15, 2010, the husband submitted a response to the wife’s request for interest on the arrearage, arguing that interest could not be calculated because no due date had ever been established for the payments of child support the husband would owe if he were paid any commission or bonus in excess of his base salary, and, the husband argued, the trial court could not set an arbitrary due date for the purpose of awarding interest. On January 26, 2010, the trial court entered an order setting the matter for a hearing on February 25, 2010. The record does not indicate whether the hearing was held, and the trial court did not enter a subsequent order.
Rule 59.1, Ala. R. Civ. P., provides, in pertinent part:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
In this case, on December 9, 2009, the wife filed her postjudgment motion that sought, among other things, interest on the husband’s child-support arrearage. Nothing in the record indicates that either party gave express consent to extend the period for the trial court to rule on that motion. Therefore, the trial court had until Tuesday, March 9, 2010, to render an order disposing of the wife’s postjudgment motion. See Burge v. Hayes, 964 So.2d 672, 675 (Ala.Civ.App.2006) (holding that a motion to continue a hearing on a post-judgment motion was ineffective to extend the period for the trial court to rule on the motion absent the express consent of the parties). A trial court loses jurisdiction to rule on a postjudgment motion if it does not rule on the motion within the time prescribed by Rule 59.1, Ala. R. Civ. P. Moore v. Moore, 910 So.2d 137, 140 (Ala.Civ.App.2004). “Moreover, ‘ “the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be ‘ihadvertent [or] deliberate.’ ” ’ Ex parte Chamblee, 899 So.2d 244, 247 (Ala.2004) (quoting Ex parte Johnson Land Co., 561 So.2d 506, 508 (Ala.1990)).” *928 Eight Mile Auto Sales, Inc. v. Fair, 25 So.3d 459, 462 (Ala.Civ.App.2009). Because the trial court did not determine the amount of interest the husband owed on his child-support arrearage within the time allowed by Rule 59.1, the wife’s request for interest was denied by operation of law. Therefore, I believe that the judgment is final and that the appeal should be determined on the merits. Because I do not believe that the appeal is due to be dismissed, I must respectfully dissent.
MOORE, J., concurs.