DONALDSON, Judge,
concurring in the result.
I concur to reverse of the judgment finding the Madison County Department of Human Resources (“DHR”) and Tyron Newton to be in criminal contempt. I would make no factual findings regarding whether DHR or Mr. Newton complied with the trial court’s order. I would hold that the judgment of contempt must be reversed because the record does not contain sufficient evidence of a specific order of the trial court requiring C.C. to undergo *493 inpatient substance-abuse treatment and thus cannot not support a finding of contempt.
While I recognize that Rule 58(a), Ala. R. Civ. P., “does not allow for an oral rendition of a judgment or order,” Ex parte Chamblee, 899 So.2d 244, 248 (Ala. 2004), I do not believe that this rule prevents the enforcement of a verbal command or directive of a trial court, or “order,” through contempt proceedings. For example, Rule 70A(a)(2), Ala. R. Civ. P., defines criminal contempt as including “[wjillful disobedience or resistance ... to a court’s lawful ... order, rule, or command,” and civil contempt as including “willful, continuing failure or refusal ... to comply with a court’s lawful ... order, rule, or command.” (Emphasis added.) This is consistent with the general nature of contempt proceedings: “In order for the mandate of a court to be in effect, it need not be a formal written order of the court, and persons who, knowing of oral decisions, violate their provisions, may be held liable for contempt, although the decision has not yet been formulated into an order or writ.” 17 Am.Jur.2d Contempt § 113 (2004) (footnotes omitted). Therefore, I concur in the result.