MOORE, Chief Justice
(dissenting).
I disagree with the Court’s decision to quash the writ in this matter.
Harold Smith (“the father”) and Cynthia Smith (“the mother”) were divorced in 2006. Their daughter; born in 1994, turned 19 in January 2013. Eight months earlier, on May 1, 2012, the mother filed a petition in the Montgomery Circuit Court to require the father to pay postminority educational support for the daughter’s college expenses. On September 18, 2012, the trial court held a hearing on the mother’s petition and apportioned the daughter’s college expenses between the parents. The judge then asked: “Who’s going to do the order?” The mother’s attorney responded: ‘Your Honor, we can work on it together and pass it back and forth.” The judge responded: “Do the order within seven days.” However, the father’s attorney died shortly after the hearing, and a written order was never submitted for the judge’s, signature.
A new attorney filed an appearance for the father in March-2013. In August 2013, the mother moved the court for the entry of a “final order” requiring the father to pay postminority support. On October 4, 2013, this Court released its opinion in Ex parte Christopher, 145 So.3d 60 (Ala.2013), overruling Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and holding that Alabama law, *495 in the absence of legislative authorization, did not allow a judge to award postminority educational support. The opinion states:
“Because many litigants have relied upon the holding in Bayliss to sue for and to collect support from noncustodial parents for college expenses, our decision in the instant case will not disturb final postminority-educational-support orders entered before the date .of this decision —
“Although today’s decision does not affect final orders of postminority educational support already entered, our overruling of Bayliss is applicable to all future cases. Further, this decision also applies to.current cases where no final postminority-support order-..has been entered or where an appeal from a postminority-support order is still pending.”
145 So.3d at 71-72 (emphasis added).
On October 28, 2013, three weeks after the release of Christopher, the trial court issued a “Final Order” awarding postmi-nority support. The court noted in its order that the decision announced at the hearing on September 18, 2012, “was not reduced to writing” and that “as of this date [October 28, 2013], the order has yet to be reduced to writing by this Court.” Whereupon, the court then “ORDERED, ADJUDGED, and DECREED that the Order of this Court announced, in open court on September 18, 2012, is as follows” and stated the terms of the award.
On November 13, 2013, the father timely moved the trial court to vacate its order of postminority educational support in light of Christopher. That motion was denied by operation of láw on February 11, 2014. See Rule 59.1, Ala. R. Civ, P. At that point, absent the filing of an independent proceeding, the trial court lost jurisdiction of the action. Ex parte State Dep’t of Human Res., 47 So.3d 823, 830 (Ala.Civ.App.2010). Nonetheless, three days later, on February 14, 2014, the trial court purported to vacate its order of October 28, 2013, •on the ground that its order for postminority educational support “was not finalized” before this Court released Christopher. Perhaps aware that its jurisdiction had expired, the trial court stated that it was setting aside its award of postminority educational support pursuant to Rule 60(b)(4), Aa. R. Civ. P. However, relief from a void judgment under Rule 60(b)(4) may not be granted sua sponte by the trial court. “Rule 60(b) requires that a party move for relief from a judgment, and does not provide for sua sponte relief by the trial court.” Ex parte P & H Constr. Co., 723 So.2d 45, 49 (Ala.1998). Thus, the February 14, 2014, order attempting to correct the trial court’s error in ordering postminority support on October 28, 2013, is void for lack of jurisdiction.
Because the trial court was three days late in • reversing its October 28, 2013, award of postminority support, the father was compelled to appeal to the Court of Civil Appeals to seek the reversal of the October 28, 2013, order. When- the Court of Civil Appeals affirmed the order without an opinion, Smith v. Smith (No. 2130446, May 8, 2015), — So.3d -(Aa.Civ.App.2015) (table), the father sought a writ of certiorari from this Court. We issued the writ on July 21, 2015.
Athough at the end of the hearing on September 18, 2012, the trial court orally ordered the father to pay postminority educational support, no written order was prepared or entered prior to the entry of the order of October 28, 2013, now the focus of this appeal. I 'believe this Court . has quashed the writ because the father did not identify any authority in his brief to this Court for the proposition ’ that a trial court’s oral order is not a valid final *496 order. See Rule 28(a)(10), Ala. R.App. P. It is true that “an appellate court will consider only those issues properly delineated as such.” Ex parte Riley, 464 So.2d 92, 94 (Ala.1985). However, the entire thrust of the father’s brief was that the trial court’s October 28, 2013, order was invalid for failing to recognize the controlling effect of Christopher. The father states:
“Ex Parte Christopher ... provides that the decision is applicable to current cases where no final post-minority support order has been entered. In the present case, a final order had not been entered before the ruling in Ex Parte Christopher. Therefore, the Father should not have been ordered to pay post-minority support....”
Father’s brief, at 12 (emphasis added). I consider this statement sufficient to “delineate” the issue before us. The question whether an oral statement from the bench is a “final order” is a matter of black-letter law. Rule 58, Ala. R. Civ. P., the final-judgment rule, “does not allow for an oral rendition of a judgment or order.” Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004). See also J.K. v. State Dep’t of Human Res., 103 So.3d 807, 810 (Ala.Civ.App.2012) (holding that an order not entered in the State Judicial Information System was not a valid order or judgment).
I would reverse the judgment of the Court of Civil Appeals and order, that court to remand the case to the trial court to implement its own acknowledged, but untimely, recognition that Christopher invalidated its October 28, 2013, order. We should not forget that the Alabama Rules of Appellate Procedure, including Rule 28(a)(10), are to “be construed so as to assure the just ... determination of every appellate proceeding on its merits.” Rule 1, Ala. R.App. P. (emphasis added). Additionally, “it is the policy of these rules to disregard technicality and form in order that a just, speedy and inexpensive determination of every appellate proceeding on its merits may be obtained.” Committee Comments to Rule 1, Ala. R.App. P. (emphasis added). I would not allow an incorrect ruling of the trial court, a ruling the trial court itself belatedly realized was incorrect, to take final effect when all that is required to reach the correct legal result is to take notice of a Rule of Civil Procedure promulgated by this very Court.[1] Being overly fastidious in our regard for Rule 28(a)(10), we have overlooked “the weightier matters of the law.” Matthew 23:23. I fear we have strained at a gnat and swallowed a camel. Matthew 23:24.

. "The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts....” Ala. Const. 1901, Art. VI, § 150.