Rel: March 31, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

## CL-2022-1251

_____

## Ex parte James R. Allen

## PETITION FOR WRIT OF MANDAMUS

## (In re: James R. Allen

## v.

## Lucille Allen)

## (Jefferson Circuit Court, Bessemer Division: DR-13-900535)

THOMPSON, Presiding Judge.

On August 19, 2022, the Jefferson Circuit Court ("the trial court") entered a judgment divorcing James Allen ("the husband") and Lucille Allen ("the wife"). The wife filed a postjudgment motion to alter, amend,

or vacate the divorce judgment on September 1, 2022. The husband did not file a postjudgment motion. The trial court set a hearing on the wife's postjudgment motion for November 29, 2022. That same day, after conducting the hearing, the trial court signed and dated an order amending the divorce judgment. The amended divorce judgment was not entered into the State Judicial Information System ("SJIS") until December 2, 2022.

On December 15, 2022, the husband filed a petition for a writ of mandamus, requesting this court to vacate "the [trial] court['s] Amended [Divorce] Judgment as a nullity and[,] therefore[,] void and [to] direct the trial court to vacate the [amended divorce] judgment entered on December 2, 2022." In his petition, the husband argues that the amended divorce judgment is void because it was entered into the SJIS beyond the 90 days allotted for the trial court to rule upon that motion. See Rule 59.1, Ala. R. Civ. P.

The wife argues, in response to the husband's petition, that because the trial court signed and dated the amended divorce judgment 1 day before the 90-day deadline in Rule 59.1, the amended divorce judgment is not void and should not be vacated.

"A petition for a writ of mandamus is the proper method for obtaining review of a trial court's authority to rule on a posttrial motion beyond the time period set forth in Rule 59.1, Ala. R. Civ. P. See Ex parte Chamblee, 899 So. 2d 244, 244-45 (Ala. 2004) (granting petitions for the writ of mandamus that "implicate[d] the authority of the trial judge under Rule 59.1...."). See also Ex parte Davidson, 782 So. 2d 237 (Ala. 2000), in which this Court issued the writ of mandamus setting aside the trial court's order, entered after posttrial motions had been denied by operation of law pursuant to Rule 59.1, as void."

Ex parte Jackson Hosp. & Clinic, Inc., 49 So. 3d 1210, 1211 (Ala. 2010).

Rule 58, Ala. R. Civ. P., provides:

"(a) Rendition of Orders and Judgments. A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words 'granted,' 'denied,' 'moot,' or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system.

"....

"(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a)(1-4) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System. ..."

Rule 59.1, Ala. R. Civ. P. states:

"[n]o postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 [, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. … <u>A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period</u>."

(Emphasis added.)

We note that the Committee Comments to Amendment to Rule 59.1 Effective October 24, 2008, state:

"In <u>Ex parte Chamblee</u>, 899 So. 2d 244, 248 (Ala. 2004), the Court 'reaffirm[ed] that for purposes of Rule 59.1 a trial judge 'disposes of' a pending postjudgment motion only by properly <u>entering a ruling</u> either denying or granting the motion.' In 2006 the Committee proposed, and the Supreme Court adopted, an amendment to Rule 58(c) providing that electronic input into the State Judicial Information System constitutes 'entry.' The Committee noted that the elimination of handwritten entries of judgments prevents judges from personally making such entries on the docket sheet or the case-action summary and to that extent 'reinstates the distinction between the substantive, judicial act of rendering a judgment and the procedural, ministerial act of entering a judgment.' Committee Comments to Amendment to Rule 58 Effective September 19, 2006. This distinction also applies to Rule 59.1 if a judge renders an order granting a postjudgment motion before the 90th day but the clerk does not electronically enter the order until after the 90th day. Thus,

4

the Committee, at the request of the Court, has proposed this amendment to Rule 59.1 to cause the timely rendering of an order to be effective to prevent the automatic denial by expiration of time, but retaining the requirement that the order must still be entered for other purposes of these Rules, such as the running of the time for an appeal pursuant to Rule 4, Ala. R. App. P. The Committee notes that with the rapid progression of electronic filing, many judges personally enter orders and judgments in the electronic system. This practice constitutes simultaneous rendition and entry and thereby avoids the problem that this amendment addresses."

Here, the divorce judgment was entered on August 19, 2022. The wife's postjudgment motion was filed on September 1, 2022. Under Rule 59.1, the trial court had 90 days to rule on that motion, or until November 30, 2022. The trial court validly rendered the amended divorce judgment on November 29, 2022 -- 1 day prior to the 90-day deadline.

Since the amended divorce judgment was rendered within 90 days of the filing of the wife's postjudgment motion, the amended divorce judgment is a valid judgment. Rule 59.1.

PETITION DENIED.

Moore, Edwards, Hanson, and Fridy, JJ., concur.