WOODALL, Justice.
 

 John Aldridge Limerick petitions this Court for a writ of mandamus directing the Etowah Circuit Court to vacate its order of August 24, 2010, granting the motion for a new trial filed by Pamela Washington and her husband, Robert Washington, Jr., in the action the Wash-ingtons filed against Limerick. We grant the petition and issue the writ.
 

 The relevant facts are procedural and undisputed. On April 13, 2006, a motor vehicle driven by Limerick collided with a vehicle driven by Pamela Washington. On March 13, 2008, the Washingtons sued Limerick in the Etowah Circuit Court. On April 23, 2010, a jury returned a verdict in favor of Limerick, and the trial court entered a judgment accordingly.
 

 On May 21, 2010, the Washingtons filed a motion for a new trial. The trial court initially scheduled a hearing on the motion for July 30, 2010. On July 27, Limerick responded to the motion, causing the Washingtons to request additional time to respond to Limerick’s filing. The trial court then rescheduled the hearing for August 20 — the
 
 91st
 
 day after the motion for a new trial had been filed. The hearing was held on August 20. On August 24— the
 
 95th
 
 day after the motion had been filed — the trial court purported to grant the motion for a new trial.
 

 On September 20, 2010, Limerick filed a motion to vacate the order granting a new trial, arguing that the motion for a new trial had been denied by operation of law on August 19, see Rule 59.1, Ala. R. Civ. P., and that, therefore, the trial court had lost jurisdiction to rule upon the Washing-tons’ motion. Thus, Limerick argued, the August 24 order was a nullity. On September 22, the trial court denied the motion to vacate, and Limerick promptly petitioned this Court for mandamus relief.
 

 “A petition for a writ of mandamus is the proper method for obtaining review of a trial court’s authority to rule on a posttrial motion beyond the time period set forth in Rule 59.1, Ala. R. Civ. P.”
 
 Ex parte Jackson Hosp. & Clinic, Inc.,
 
 49 So.3d 1210, 1211 (Ala.2010).
 

 
 *757
 
 Rule 59.1 provides, in pertinent part, that “[n]o postjudgment motion filed pursuant to Rule[ ] ... 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record.... ” “Any extension of this 90-day period must be of record before the 90-day period expires, because any purported extension after the ninety days is a nullity.”
 
 Ex parte Caterpillar, Inc.,
 
 708 So.2d 142, 143 (Ala.1997).
 

 Rule 59.1 also provides that “[a] failure by the trial court to render an order disposing of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.” If a motion is so denied by operation of law, “the trial judge then loses jurisdiction to rule on the motion” and is “without jurisdiction to enter any further order in [the] case after that date.”
 
 Ex parte Davidson,
 
 782 So.2d 237, 241 (Ala.2000). Any order entered after the trial court loses jurisdiction is void.
 
 Id.
 

 In this case, the 90-day period referred to in Rule 59.1 expired on August 19, 2010. No consent of the parties to an extension appeared of record before the expiration of the 90-day period. Although the parties consented to an extension at the hearing held on August 20, “any purported extension after the ninety days is a nullity.”
 
 Caterpillar,
 
 708 So.2d at 143. Consequently, the Washingtons’ motion for a new trial was denied by operation of law on August 19. After that date, the trial court had no jurisdiction to enter any further order; thus, its order of August 24 granting the Washingtons’ motion for a new trial is void, see
 
 Davidson,
 
 782 So.2d at 241, and we must direct the trial court to vacate it.
 

 In its order of September 22 denying Limerick’s motion to vacate, the trial court candidly admitted that it had miscalculated the 90th day when it set the motion for a new trial on August 20, the 91st day after the motion had been filed. However, “the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be ‘inadvertent [or] deliberate ... [or] any other type of failure.’
 
 Howard v. McMillian,
 
 480 So.2d 1251 (Ala.Civ.App.1985).”
 
 Ex parte Johnson Land Co.,
 
 561 So.2d 506, 508 (Ala.1990). “Any type of failure to rule upon ... a motion [for a new trial] during [the prescribed 90-day] period of time is adequate to bring rule 59.1 into operation.”
 
 Howard v. McMillian,
 
 480 So.2d 1251, 1252 (Ala.Civ.App.1985).
 

 For these reasons, we grant Limerick’s petition and issue a writ of mandamus directing the trial court to vacate its order of August 24, 2010, granting the Washing-tons’ motion for a new trial.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.