WOODALL, Justice.
For the second time, we are called upon to address the validity of an order of the Etowah Circuit Court granting a new trial on the motion of Pamela Washington and her husband, Robert Washington, Jr. (“the Washingtons”). See Ex parte Limerick, 66 So.3d 755 (Ala.2011), which sets out the factual and procedural history of this action. In Limerick, we issued, on the petition of John Aldridge Limerick, a writ of mandamus directing the trial court to vacate its order granting the Washingtons’ motion for a new trial, which they filed pursuant to Rule 59, Ala. R. Civ. P. We issued the writ on the ground that the trial court’s order purporting to grant the Washingtons’ postjudgment motion was entered after “the 90-day period referred to in Rule 59.1[, Ala. R. Civ. P., had] expired,” thus depriving the trial court of jurisdiction in the case. 66 So.3d at 757. The basis of the Washingtons’ post-judgment motion was alleged juror misconduct. Specifically, they averred that the foreperson in the trial of their action had failed to respond honestly and accurately to questions asked on voir dire, thereby concealing the fact that she knew the Washingtons.
On October 26, 2010, while this Court was considering the validity of the trial court’s new-trial order in Limerick, the Washingtons filed in the trial court a motion for relief from judgment, pursuant to Rule 60(b), Ala. R. Civ. P., on the ground of “jury misconduct,” incorporating “the facts as asserted in prior motions and oral arguments.” On January 7, 2011, upon release of our opinion in Limerick, the trial court entered an order vacating its order granting a new trial in accordance with our instructions but simultaneously setting the Washingtons’ pending Rule 60(b) motion for a hearing. Approximately six months later, on July 1, 2011, the trial court once again ordered a new trial, purportedly based this time on Rule 60(b). Subsequently, Limerick petitioned this Court for a writ of mandamus directing the trial court to vacate its second new-trial order. Once again, we grant the petition and issue the writ.
It is abundantly clear that “[a] Rule 60(b) motion to set aside a judgment cannot be substituted for a Rule 59 motion so as to avoid the operation of Rule 59.1.” Ex parte Johnson, 715 So.2d 783, 785-86 (Ala.1998) (emphasis added). In that respect, “ ‘a Rule 60(b) motion “is not a substitute for appeal and is not available to relieve a party from his failure to exercise *350 the right of appeal.” ’ ” Washington Mut. Bank, F.A. v. Campbell, 24 So.3d 435, 442 (Ala.2009) (quoting Wal-Mart Stores, Inc. v. Pitts, 900 So.2d 1240, 1245 (Ala.Civ.App.2004), quoting in turn Morgan v. Estate of Morgan, 688 So.2d 862, 864 (Ala.Civ.App.1997)). Thus,
“ ‘Rule 60(b) ... cannot serve as a basis for a motion that, in effect, seeks a reconsideration of matters already considered by the trial court in a previous postjudgment motion when the facts alleged in the Rule 60(b) motion “were knoum by the moving party at the time of his original [postjudgment] motion.” ’ ”
Ex parte Haynes, 58 So.3d 761, 765 (Ala.2010) (quoting McIntyre v. Satch Realty, Inc., 961 So.2d 135, 138-39 (Ala.Civ.App.2006), quoting in turn Ex parte Dowling, 477 So.2d 400, 403 (Ala.1985)).
In this case, the Washingtons’ Rule 59 motion alleged juror misconduct. That motion was denied by operation of law when the trial court failed to act on it within the time prescribed by Rule 59.1. The Washingtons failed to appeal from the automatic denial of that motion.[1] Instead, they filed a Rule 60(b) motion, which they concede “seek[s] the same relief as set out in [their] Rule 59 motion.” Washingtons’ brief, at 2 (emphasis added). Their Rule 60(b) motion sought, therefore, nothing more than a “reconsideration” of the matters already deemed denied by the trial court in their previous postjudgment motion and was an improper use of Rule 60(b) as a substitute for appeal.
Under these facts, relief under Rule 60(b) was unauthorized and improper. The trial court is directed to vacate its July 1, 2011, order granting the Washing-tons’ motion for a new trial.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. The trial court's untimely order purporting to grant the Rule 59 motion was a nullity. Limerick, 66 So.3d at 757.