REL:  December 15, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

———————————————

### CL-2023-0166

———————————————

**Jerry & John Woods Construction, Inc.**

**v.**

**New Bethel Missionary Baptist Church**

**Appeal from Dallas Circuit Court**
**(CV-21-900040)**

EDWARDS, Judge.

Jerry & John Woods Construction, Inc. ("Woods Construction"), appeals from a judgment entered by the Dallas Circuit Court ("the trial court") in favor of New Bethel Missionary Baptist Church ("New Bethel")

and against Woods Construction on February 8, 2023.[1]  We affirm the judgment.

On February 22, 2021, Woods Construction filed a complaint in the trial court against New Bethel.  Woods Construction alleged that New Bethel had breached a contract that it had entered into with Woods Construction for asphalt paving.  In the alternative, Woods Construction alleged that New Bethel had been unjustly enriched because Wood's Construction had allegedly completed its work and had not been paid.  Woods Construction requested "compensatory damages in an amount to be determined by the [trial court], plus costs, along with such other, further, and different relief to which [Woods Construction] may be entitled."  Woods Construction requested service of process "by sheriff."

On June 7, 2021, Woods Construction, through its president, Jerry Woods, filed an application and affidavit for entry of default using Alabama Unified Judicial System Form C-25. The application for entry of default averred, among other things, that more than 31 days had

---

[1]New Bethel Missionary Baptist Church is located in Orrville.  It is sometimes referred to in the pleadings or motions in the record as New Bethal, New Bethel, or New Bethel Baptist Church.

elapsed since New Bethel had been served with the summons and complaint on April 7, 2021, and that New Bethel had not filed an answer and had failed to defend against Woods Construction's complaint.[2] The application for entry of default requested that the trial-court clerk enter default against New Bethel based on its failure "to plead, answer, or otherwise defend." Contemporaneously with the filing of the application for entry of default, Woods Construction also filed an Alabama Unified Judicial System "Civil Motion Cover Sheet" on which it checked the box indicating that it was filing of a motion for a default judgment (although no separate motion appears to have been filed), along with the $50 fee required for filing such motion, and an affidavit from Jerry Woods

---

[2]Entries on the case-action-summary sheet in the State Judicial Information System state that, on February 22, 2021, "Sheriff issued: 2/22/2021 to [New Bethel]" and that, on March 30, 2021, "reissue of certified ma[il] on 3/30/2021 for [New Bethel]." Entries in that system for April 12, 2021, state "service of certified mai[l] on 04/05/2021" for New Bethel and "service return." Further entries on May 11, 2021, state "service of served person on 04/07/2021 for [New Bethel]" and "service return." Entries on May 27, 2021, state "alias summons e-filed," reissue of process serv on 05/27/2021 for [New Bethel]," and "alias summons -- summons." Also, entries on June 3, 2021, state "return on service -- served e-filed," "service of served person on 05/28/2021 for [New Bethel]," and "service return."

averring the purported bases for New Bethel's liability to Woods Construction and requesting compensatory damages for New Bethel's "failure to abide by its contractual obligations" in the amount of $24,200 ($15,000 plus $9,400 for additional asphalt) and $2,000 for attorney fees.

There was an area on the application for entry of default for the trial-court clerk to enter default but that area contains no entry or signature by the clerk. Nor was an "entry of default" made electronically by the trial-court clerk in the State Judicial Information System ("SJIS"). See Rule 55(a), Ala. R. Civ. P.[3] Entries on the case-action-summary sheet in SJIS state, on June 7, 2021, "default judgment filed" by Woods Construction's attorney; on June 8, 2021, "default judgment docketed"; on June 9, 2021, "default judgment … set for 08/23/2021"; and on June 10, 2021 "for: hearing on 08/23/2021." An August 18, 2021, entry on the

---

[3]Rule 55(a) states that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. The clerk's entry of default may be made electronically."

case-action-summary sheet in SJIS states that the "default hearing" would be a virtual hearing.

A virtual hearing was held on August 23, 2021, and an entry on the case-action-summary sheet in SJIS indicates that Woods Construction filed exhibits for that hearing. The record on appeal, however, includes no transcript or exhibits regarding that hearing. After the hearing, the trial court entered a default judgment in favor of Woods Construction ("the August 2021 judgment").[4] See Rule 55(b)(2), Ala. R. Civ. P. The August 2021 judgment stated:

---

[4]An entry of default is a separate matter from the entry of a default judgment. See Graham v. University Credit Union, 411 So. 2d 144, 148 (Ala. Civ. App. 1982), overruled on other grounds by Ex parte Keith, 771 So. 2d 1018 (Ala. 1998); see also Griffin v. Blackwell, 57 So. 3d 161, 163-64 (Ala. Civ. App. 2010). Generally, "a movant is not entitled to a default judgment as a matter of right," and "it is well settled that an entry of a default judgment under Rule 55(b)(2), Ala. R. Civ. P., is a matter entrusted to the sound discretion of the trial court." City of Gulf Shores v. Harbert Int'l, 608 So. 2d 348, 357-58 (Ala. 1992). Rule 55(b) discusses the conditions under which a default judgment may be entered by the clerk or by the court after an entry of default, and it has been held that, before a default judgment properly can be entered, "there must be an entry of default as provided by [R]ule 55(a)[, Ala. R. Civ. P.]" See Graham, 411 So. 2d at 144. Nevertheless, the failure to make an entry of default constitutes only reversible legal error and does not "render[] the subsequent [default] judgment void." Graham, 411 So. 2d at 148.

"THIS CAUSE came for default hearing on the 23rd day of August 2021 and was submitted to the Court for final order upon the pleadings on record in this cause. [Woods Construction] … was represented by and through [its] attorney of record, James Derrell Fancher. [New Bethel] failed to appear in this matter. The Court, having heard the issues presented by counsel, is of the opinion the following order should be entered. Accordingly, it is

"ORDERED and ADJUDGED by the Court:

"1. [Woods Construction] is hereby awarded $18,400.00 for the unpaid balance of the contract and the additional materials used on the job site, for which execution may issue without waiver of exemption;

"2. That the costs of this action are taxed against [Woods Construction] for which execution may issue without waiver of exemption;

"3. Any and all other relief requested but not addressed specifically by this Order is hereby denied."

(Capitalization in original.)

On August 31, 2021, an undated letter from Pastor Rufus King, Jr., and Deacon Edward Ellis, who was the Chairman of New Bethel's board of deacons, that was addressed to the trial-court clerk was filed in the trial court. The August 2021 letter was on New Bethel's letterhead and

6

requested "a new virtual hearing" in Woods Construction's action against

New Bethel. The letter continued:

> "Reason for new hearing request is that we were never given notice of the impending court date.
>
> "A default judgment was entered against [New Bethel] even though we received no notice of the scheduled court date, time, place or mode for attending such court hearing.
>
> "Because of COVID-19, the church is not meeting in person.
>
> "The default letter was received on the 27th of August by Mrs. Viola Fuller, and was addressed to [New Bethel] pro se.
>
> "Will you please speak to Judge [Marvin W.] Wiggins[5] on our behalf and request that he grant [New Bethel] a new hearing. We have evidence to show that [Woods Construction] did not complete the work agreed upon."

The fact that New Bethel could not have appeared pro se is discussed,

infra. The trial court treated the August 2021 letter as a motion to set

aside the August 2021 judgment, see Rule 55(c), Ala. R. Civ. P., and, on

September 13, 2021, an entry was made setting that motion for a hearing

to be held on October 7, 2021.

---

[5]Judge Marvin W. Wiggins presided over the case.

7

On October 7, 2021, Woods Construction filed an "Opposition to [New Bethel's] Motion to Set Aside Default Judgment." Woods Construction argued that New Bethel had failed to file an answer and that its motion "failed to include crucial facts," failed to satisfy the requirements for setting aside a default judgment as discussed in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So. 2d 600 (Ala. 1988), and failed to "ask[] [that] the Default be set aside." Thereafter, the trial court held the hearing scheduled for that day. New Bethel was not represented by counsel at that hearing. Instead, King and Ellis were present, and King argued to the trial court that "the work that we contracted to have done by [Woods Construction] was totally inadequate." The following colloquy then occurred between King and the trial court:

> "The Court: … [W]as there any particular reason why you-all did not answer or respond to the complaint?
>
> "Mr. King: Yes. We were not notified of the initial court hearing, court date. It's not as if they did not have my address or anything, because … they sent a summon deliverer out to my home. So they had my address, and they had my phone number. But we were not properly notified.

8

> "The Court:  Y'all had no notice of the last hearing we had?
>
> "Mr. King:  No notice whatsoever.  We received something concerning the default judgment, however.
>
> "The Court:  Did you receive a copy of the summons and complaint that was asking you to file a response within a certain number of days?
>
> "Mr. King:  No.  We just received notice of the fact that a default judgment had been entered against [New Bethel]."

The trial court then inquired of counsel for Woods Construction, who stated:

> "I think the pastor is a little confused.  They were served properly by certified mail to the church address, and then I didn't realize that certification -- that had already occurred. And then the pastor just stated that we sent a process server out to his home with notification, so that was the summons and complaint that the Court was referring to.  So they were served twice.
>
> "And in response, the Court had heard the arguments and stuff at the default hearing, but the problem with the letter is -- and, Judge, I don't mean to -- I know they're not learned in the law.  But there are certain things that are established in law that we have to do in order to set aside judgments, and one of those is the <u>Kirtland</u> factors ...."

Counsel for Woods Construction then discussed <u>Kirtland</u>, and, as to the third of the <u>Kirtland</u> factors, i.e., "whether the default judgment was a

result of the defendant's own culpable conduct," 524 So. 2d at 605, counsel argued:

"In that service packet, there's … clear warnings that the default has to be answered within 30 days or a default judgment can be entered against you.  Now, he wouldn't have got notice, I don't believe … of the default proceedings because he didn't participate at all in the court proceedings to begin with.  So, therefore, he's not due that notice where he'd have two or three days. …

"So he's not due that notice of the default proceedings so he could be present because he hasn't participated.  If he would have filed an answer, he was absolutely due some notice.  Again, I hate that being that they're not learned in the law, but that's what the law says.  And to date, they still haven't filed an answer to cure the defect.

"And so we're here on a motion to set aside default that doesn't meet the three-pronged test, and they haven't cured any defects to move forward.  So we would ask that the Court deny it, unfortunately, and let the judgment stand."

The trial court then turned to King and the colloquy continued between them and also included Ellis:

"Mr. King:  As I understand it, he's saying that I received a notarized letter to the effect that they would have a court hearing.

"The Court:  A process server brought you a copy of the summons and complaint to your house.  You had 30 days to file a response or something to that.

10

"Mr. King: I need to get that and read that. I don't remember. I don't recall seeing a date -- a hearing date on that summons.

"The Court: It wasn't a hearing date. It was just a notice of the complaint. You have 30 days to respond to it.

"Mr. Ellis: I think -- I think the -- we didn't -- I don't know if we got a -- the mail has not been coming the to the proper location that's needed. It's my understanding that we was closed due to the coronavirus there. The church is still closed down there. I'm not giving an excuse or anything, but there's no mail that comes down there. And we have not been receiving the proper mail from this hearing at all there. And when we do receive something -- it's like something showed up at the pastor's house there, Your Honor, and we -- we try to do our best to, you know, follow procedures. And we didn't know what to do, and we -- I think we responded back with the possible letter responding back. We never did get any -- anything, you know, as far as in the pastor's hands or the deacon's hands there to sign. You know, no none signed anything that I know of. And the -- you know, whether we was going to look at calling down to the courthouse, which we did, and, you know, we get things that's like -- I think it was, like, seven days after this last court, I think. I think it came after this last court that we got something, and we didn't know anything before this last court, prior to this suit. We didn't know anything until after that -- two days -- three days after that -- five days, I think, after that, we got a letter in the mail there, and those are the only things that we're aware of. And I can't, you know, recall anybody signing anything, you know, as far as receiving anything from the court there. And

11

if we had've gotten it, we would have responded promptly there, and we did not get anything that I know of there." [6]

The trial court then requested that King and Ellis provide their respective mailing addresses, and they did so. The trial court asked counsel for Woods Construction if he "ha[d] anything else," and counsel responded: "Judge, just one last thing. The church signed for the original complaint on April 12th, '21. It was addressed certified mail to the church, and the church signed for it. It's in the official court record on April 12th, '21." Counsel further informed the trial court that the signature on the certified-mail receipt was by "A. Allen," and King confirmed that "we have an A. Allen." It was undisputed that the address on that return receipt was the address for New Bethel. The hearing closed with the trial court stating: "Well, I will certainly look at it and get y'all an order. And I'll get the clerk's office to add you-all's names and addresses on the file. If you-all get a lawyer or another attorney, make sure he or she enters a notice of appearance for you-all."[7]

---

[6]Neither King nor Ellis was under oath.

[7]See Rule 4(c)(6), Ala. R. Civ. P., discussing service on entities, and Rule 4(i)(2)(C), Ala. R. Civ. P., which states that an "agent's authority [to

12

We find concerning the discussions at the October 2021 hearing, particularly in light of the comments made by the trial court and counsel for Woods Construction that reflect their knowledge that King and Ellis were not attorneys. It has been held that a non-attorney may file a document that constitutes an appearance of a legal entity with which he or she is associated for purposes of Rule 55(b)(2), Ala. R. Civ. P., see Progress Indus., Inc. v. Wilson, 52 So. 3d 500, 508 (Ala. 2010), but no such notice of appearance was filed before the entry of the default judgment in the present case.[8] However, aside from the issue whether a non-attorney can satisfy that notice-of-appearance requirement, such a non-attorney cannot file pleadings or motions or make legal arguments for such legal entity in circuit court. See Wilson, 52 So. 3d at 507-08 (describing such

accept service by certified mail] shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint."

[8]When a party has not made an appearance, the three-day notice requirement of Rule 55(b)(2) does not apply, and a trial court exceeds its discretion by granting a motion to set aside the default judgment based on lack of such notice. See Ex parte Phillips, 900 So. 2d 412, 418 (Ala. 2004); see also Western Union Tele. Co. v. Crowder, 547 So. 2d 876, 879 (Ala. 1989).

filing of pleadings as a nullity); see also Ex parte Living by Faith Christian Church, 360 So. 3d 340, 342 (Ala. 2021); Pipes v. Weyerhaeuser Co., 328 So. 3d 282, 285 (Ala. Civ. App. 2020) ("The notice of appeal that Annette [Pipes] filed in this case is … a nullity.  As a result, in essence, no notice of appeal was filed; therefore, the jurisdiction of this court was not invoked, and this appeal must be dismissed."); Ala. Code 1975, § 34-3-6(b) (discussing what constitutes the practice of law in relation to the unauthorized practice of law).  Thus, the August 2021 letter and the hearing conducted by the trial court in October 2021 were nullities.

Because we have concluded that the August 2021 letter, which the trial court treated as a motion to set aside the August 2021 judgment, was a nullity, the trial court had 30 days from the entry of the August 2021 judgment to set aside that judgment on its own motion pursuant to Rule 55(c), Ala. R. Civ. P.  The trial court entered no such order; thus, the August 2021 judgment became final for purposes of appeal. New Bethel did not file a notice of appeal directed to the August 2021 judgment. Instead, New Bethel retained legal counsel at some point and, on December 24, 2021, counsel for New Bethel filed a motion to set aside the

14

August 2021 judgment, citing Rule 60(b), Ala. R. Civ. P., but no specific subparagraph of that Rule, and Rule 55(c), Ala. R. Civ. P.[9] As to the latter, that motion was untimely, see id., but we presume that New Bethel was raising Rule 55(c) for purposes of arguing that, in addition to satisfying the requirements of one of the threshold subparagraphs of Rule 60(b), it had also satisfied the Kirtland factors to the extent that those requirements were pertinent, in order to set aside the August 2021 judgment.[10] In New Bethel's Rule 60(b) motion, it argued that it had

---

[9]On December 1, 2021, Woods Construction filed in the trial court an Alabama Unified Judicial System Form C-21 "Process of Garnishment" in an attempt to enforce the August 2021 judgment. The trial court eventually entered an order staying that proceeding.

[10]Generally, "in order to obtain relief under Rule 60(b), the defaulting party must not only show the existence of a meritorious defense, but also must demonstrate the ground under Rule 60(b) justifying relief from the final judgment." DaLee v. Crosby Lumber Co., 561 So. 2d 1086, 1091 (Ala. 1990). Whether the Kirtland factors must be addressed as part of a motion pursuant to Rule 60(b) depends on the grounds for that motion. For example, under Rule 60(b)(1), a party must satisfy both that threshold subparagraph and the Kirtland factors. See Farrag v. Thomas, [Ms. 1200541, Feb. 17, 2023] ___ So. 3d ___, ___ (Ala. 2023) ("[B]ecause the trial court concluded that Dr. Farrag had not demonstrated that his failure to defend the malpractice action was due to excusable neglect under Rule 60(b)(1), [Ala. R. Civ. P.,] it was not necessary for the trial court to also weigh the Kirtland factors."). On the other hand, if a judgment is void under Rule 60(b)(4), it is unnecessary to

satisfied the Kirtland factors; that it had not been served with the application for entry of default (no argument was made that New Bethel had not been served with the summons and complaint -- indeed New Bethel stated that its "failure to respond to the complaint resulted from [its] not [being] properly served with the default application"); and that it would have contested the default-judgment proceeding had it been served with the application for entry of default or received notice that Woods Construction was seeking a default judgment -- no reference was made to the August 2021 letter or to the October 2021 hearing.[11]

---

address the Kirtland factors. See Pharo v. Pharo, 199 So. 3d 93, 95 (Ala. Civ. App. 2015) ("[B]ecause the wife challenges the husband's ability to have effected service by publication and therefore contends that the divorce judgment is void because her due-process rights were violated when the trial court entered a judgment without having obtained personal jurisdiction over her, she seeks relief from the default judgment under Rule 60(b)(4), [Ala. R. Civ. P.,] and, thus, an examination of the Kirtland factors is unnecessary in this case." (footnote omitted)).

[11]As noted above, New Bethel's Rule 60(b), Ala. R. Civ. P., motion made no reference to a specific subparagraph of Rule 60(b). "[A] specific citation like that is not necessary if the applicable [Rule 60(b)] ground can be discerned from the motion itself." Penrose v. Garcia, [Ms. SC-2022-0871, June 16, 2023] __ So. 3d __, __ (Ala. 2023). Under the circumstances, particularly New Bethel's contention that a purported notice error as to the application for entry of default was the basis for its motion, we construe that motion as being made pursuant to Rule 60(b)(4)

16

Attached to the Rule 60(b) motion was an unsworn affidavit from King,

as pastor of New Bethel.[12]  King averred, in part:

_____

on the ground of lack of due process.  See Rule 5(a), Ala. R. Civ. P. ("No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4[, Ala. R. Civ. P.]").

We further note that, in its appellate brief, New Bethel raises, for the first time, the issue of personal jurisdiction and argues that it had not been properly served with the summons and complaint.  Because no mention was made of a lack of service of the summons and complaint in the Rule 60(b) motion and because Woods Construction had the burden of proving proper service if it had been raised and did not construe the 60(b) motion as attacking service of process, see discussion, infra, we cannot construe the Rule 60(b) motion as having been based on lack of proper service.  See Truss v. Chappell, 4 So. 3d 1110, 1112 (Ala. 2008) ("When service of process is contested, the plaintiff bears the burden of establishing proper service of process.").  Accordingly, the purported lack of proper service of process cannot be considered as an alternative basis for affirmance of the order granting the Rule 60(b) motion in the present case.  See discussion, infra; Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So. 2d 1013, 1020 (Ala. 2003) (stating that an appellate court cannot affirm on an alternative legal ground "where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance").

[12]King's affidavit states that he was "duly sworn" by "the undersigned," but the notary certification was not signed by a notary.

17

"7. On or about May of 2021, I was informed [New Bethel] had received a summons and complaint regarding the parking area project and Woods Construction.

"8. Other than the summons and complaint, I was never served with [the application for entry of default] in this lawsuit. I received no notice of the scheduled court dates or that [Woods Construction] was seeking a default judgment against [New Bethel].

"9. If I had received these filings, I would have undoubtedly contested the default judgment against [New Bethel] because [it] is not liable to Woods Construction for breach of contract, unjust enrichment, or any other claim."[13]

On December 27, 2021, the trial court entered an order granting New Bethel's Rule 60(b) motion; no hearing on that motion was held and no grounds for granting that motion were stated in the order.[14] The

_____

[13]A substantially similar affidavit from Ellis was notarized on May 16, 2022, and apparently was submitted during subsequent proceedings.

[14]"An order granting a motion seeking relief from a judgment under Rule 60(b), Ala. R. Civ. P., is generally considered an interlocutory order because further proceedings are contemplated by the trial court; therefore, such an order is not appealable." Ex parte Overton, 985 So. 2d 423, 424 (Ala. 2007).

We note that Woods Construction made no argument to the trial court and makes no argument on appeal that the trial court erred by not providing Woods Construction with time to respond to New Bethel's Rule 60(b) motion, that it erred by not conducting a hearing on that motion, or

December 2021 order also set the case for a trial to be held on June 23, 2022. Trial was eventually rescheduled for October 27, 2022.

On January 17, 2022, New Bethel filed an answer denying the material allegations of Woods Construction's complaint and a counterclaim against Woods Construction. Thereafter, Woods Construction filed a motion requesting that the trial court vacate the December 2021 order based on a lack of jurisdiction. According to Woods Construction, New Bethel's Rule 60(b) motion had "incorrectly cit[ed] a jurisdictional defect" regarding lack of service of the application for entry of default. New Bethel's Rule 60(b) motion, however, makes no reference to "jurisdiction," and we take Woods Construction's statement as an admission that it had understood that the motion might have been based on Rule 60(b)(4). See note 11, supra; Cornelius v. Browning, 85 So. 3d 954, 958 (Ala. 2011) (quoted infra). Woods Construction argued that the trial court lacked jurisdiction to grant the New Bethel's Rule 60(b) motion because New Bethel had failed to file a timely appeal from the August

that no evidence had been submitted that supported the granting of that motion.

19

2021 judgment, because New Bethel's Rule 60(b) motion purportedly was a successive postjudgment motion (i.e., merely an attempt to have the trial court reconsider the arguments made in the August 2021 letter), and because New Bethel's Rule 60(b) motion was untimely filed and failed to "identify any issues that would allow [such] motion … to be granted." Woods Construction also requested that the trial court strike the answer and counterclaim that had been filed by New Bethel after the entry of the December 2021 order.

On May 17, 2022, the trial court held a hearing on Woods Construction's motion to vacate, but no transcript of that hearing appears in the record. Thereafter, Woods Construction requested that the trial court issue an order regarding its motion to vacate, and New Bethel filed a response opposing the granting of that motion. In New Bethel's response, it argued that it had contended at the May 2022 hearing that the trial court had properly granted its Rule 60(b) motion based on that court's broad discretionary authority under Rule 55 and New Bethel's satisfaction of the Kirtland factors. New Bethel further alleged that the trial court had indicated during that May 2022 hearing that it would

"stand by its previous ruling." On June 20, 2022, the trial court entered an order denying Woods Construction's motion to vacate, without stating any reason for that ruling.

In October 2022, the trial court held a trial regarding Woods Construction's claim and New Bethel's counterclaim; Jerry Woods, Ellis, and King testified. During the trial, counsel for Woods Construction renewed its "objection to the entire proceedings today" because the December 2021 order granting New Bethel's Rule 60(b) motion "was outside the time frame." New Bethel requested, in part, $15,000 as compensatory damages for the additional amount it purportedly would have to pay to have the allegedly defective asphalt job corrected. On February 9, 2023, the trial court entered a judgment against Woods Construction and in favor of New Bethel in the amount of $15,000. Woods Construction filed a timely notice of appeal to this court from the February 2023 judgment.

Woods Construction argues that the trial court lacked jurisdiction to enter the December 2021 order granting New Bethel's Rule 60(b)

motion based on the terms of Rule 60(b) and precedents discussing postjudgment practice. Rule 60(b) states:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken."[15]

---

[15]Woods Construction does not attack the merits of the trial court's decision to grant the Rule 60(b) motion. We note that the granting of a motion pursuant to Rule 60(b)(4) is reviewed de novo. See Allsopp v. Bolding, 86 So. 3d 952, 957 (Ala. 2011); Cornelius v. Browning, 85 So. 3d 954, 958 (Ala. 2011). Nevertheless,

> "[t]he de novo standard of review does not relieve an appellant of [his or] her burden of demonstrating that the trial court erred. Under our precedent and the Rules of Appellate Procedure, an appellant -- even one seeking de novo review -- must make reasoned and particularized arguments in support of reversal."

22

Woods Construction first argues that the trial court erred by granting New Bethel's Rule 60(b) motion because, it says, that motion was not filed within 120 days of the entry of the August 2021 judgment. However, the 4-month period for filing a motion seeking relief from a judgment pursuant to Rule 60(b), Ala. R. Civ. P., does not apply to a motion filed pursuant to Rule 60(b)(4), see discussion and n.10, supra; see also Ex parte Full Circle Distrib., L.L.C., 883 So. 2d 638, 643 (Ala. 2003) ("[A] motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b)[, Ala. R. Civ. P.]").  Thus, we reject this argument.[16]

Woods Construction next argues that the trial court erred by granting New Bethel's Rule 60(b) motion because that motion was merely

---

Lay v. Destafino, [Ms. 1210383, Feb. 17, 2023] ___ So. 3d ___, ___ (Ala. 2023).

[16]It does not appear that New Bethel or the trial court relied on the catch-all subparagraph of Rule 60(b) -- (b)(6) -- which "operates exclusively of the specific grounds listed in clauses (1) through (5)."  It is well settled that "a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6)."  R.E. Grills, Inc. v. Davison, 641 So. 2d 225, 229 (Ala. 1994).

a motion seeking reconsideration of what Woods Construction deemed to be a previous postjudgment motion, i.e., the August 2021 letter. As we have noted above, however, the August 2021 letter was a nullity, and counsel for Woods Construction, who is presumed to know the law, see Cleveland v. Cleveland, 262 Ala. 90, 94, 77 So. 2d 343, 347 (1955), should have argued to the trial court, who also is presumed to know the law, see Horne-Ballard v. Ballard, 308 So. 3d 503, 515 (Ala. Civ. App. 2020), that the trial court could not consider that letter or the arguments of King and Ellis at the October 2021 hearing. In any event, because New Bethel filed no motion pursuant to either Rule 55 or Rule 59 and King and Ellis could not file such a motion on its behalf, New Bethel's Rule 60(b) motion was not a motion seeking reconsideration of the denial of a postjudgment motion it had filed. Thus, we reject this argument.[17]

_____

[17]To be clear, we are not holding that a party who appears pro se should be treated any differently than a party who has retained counsel for purposes of determining the effect of a successive postjudgment motion. Ex parte Veteto, 230 So. 3d 401, 403-04 (Ala. Civ. App. 2017) ("'[I]t is well settled that the "Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel."'" (quoting Metcalf v. Pentagon Fed. Credit Union, 155 So. 3d 256, 261 (Ala. Civ. App. 2014), quoting in turn Lockett

Finally, citing <u>Ex parte Limerick</u>, 86 So. 3d 348 (Ala. 2011), Woods Construction argues that the trial court erred because a Rule 60(b) motion cannot be used as a substitute for a Rule 59 motion "'so as to <u>avoid the operation of Rule 59.1[, Ala. R. Civ. P.]</u>'" and relieve a party of the result of his failure to file a timely appeal. 86 So. 3d at 379 (quoting <u>Ex parte Johnson</u>, 715 So. 2d 783, 785-86 (Ala. 1998)). <u>Ex parte Limerick</u>, however, is inapposite because it involved an attempt to use a Rule 60(b) motion for "'reconsideration' of the matters already deemed denied by the trial court in [a] previous postjudgment motion and was an improper use of Rule 60(b) as a substitute for appeal." <u>Id.</u> at 350. As noted above, there was no previous postjudgment motion in the present case.[18] Accordingly, we reject this argument.

---

v. A.L. Sandlin Lumber Co., 588 So. 2d 889, 890 (Ala. Civ. App. 1991)). New Bethel did not, and could not, appear pro se before the trial court.

[18]Woods Construction has made no argument, supported by legal authority, that, under the circumstances of the present case, the trial court erred because New Bethel was aware of the judgment in time to file a timely motion pursuant to Rule 59 and should not have been allowed to forego that opportunity in favor of a motion pursuant to Rule 60(b). <u>See</u> Rule 28(a)(10), Ala. R. App. P.; <u>Dykes v. Lane Trucking, Inc.</u>, 652 So. 2d 248, 251 (Ala. 1994) ("We have unequivocally stated that it is not the function of this Court to do a party's legal research or to make and

We have addressed the arguments made by Woods Construction and rejected those arguments. Because Woods Construction makes no argument that the trial court erred on the merits in ruling on New Bethel's Rule 60(b) motion, we need not address the issue whether it was a violation of due process, sufficient to void a judgment, to have not provided notice of the application for entry of default to New Bethel, when it had been served with a summons and complaint but had not filed an appearance. See Austin v. Austin, 159 So. 3d 753, 760 (Ala. Civ. App. 2013) ("[T]he father was 'in default for failure to appear' because he had failed to answer the mother's petition. … [He] did not appear, and he was not entitled to service of the mother's motion seeking a trial date under Rule 5(a)[, Ala. R. Civ. P.,] or of the scheduling order under Rule 77(d)[, Ala. R. Civ. P.] Thus, we cannot agree that the failure of the mother and the trial-court clerk to serve the father with either the

---

address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument."); see also White Sands Grp., L.L.C. v. PRS II, LLC, 998 So. 2d 1042, 1058 (Ala. 2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.").

mother's motion or the scheduling order amounts to a denial of his due-process rights such that the judgment should be set aside."); see also Earls v. Forga Contracting, Inc., (No. 1:19-cv-00190-MR-WCM, Sept. 24, 2021) (W.D.N.C. 2021) (not reported in Federal Supplement) (noting that "Rule 5(a)[, Fed. R. Civ. P.,] requires that written motions be served, but '[n]o service is required on a party who is in default for failing to appear'" and concluding that, "[e]ven if service of a motion for entry of default were required by the Rules, Forga concedes that the Defendants were served with the summons and Complaint in July of 2019 and with the default judgment in December of 2020. … Despite this, the Defendants failed to take timely action and waited to file their present motion for relief until June 16, 2021, six months after they were notified of the default judgment against them.  Even though the Plaintiff's failure to serve the request for entry of default might be a technical violation of Rule 5(a), such failure would not serve to void the default judgment under these circumstances.") (footnote omitted).[19]  See generally 4B Charles Wright,

---

[19]The Earls court acknowledged that federal district courts are split regarding the issue whether Rule 5(a), Fed. R. Civ. P., requires service on a defendant of an application for entry of default where no default had

Arthur Miller, & Adam Steinman, <u>Federal Practice and Procedure</u> § 1144 (4th ed. 2015) ("Federal Rule [of Civil Procedure] 5(a)(2) provides that no service of papers is required on a party who is in default for failing to appear. … [A] party who has not appeared is not entitled to service under Rule 5 ….") (footnote omitted); 10A Charles Wright, Arthur Miller, & Mary Kane, <u>Federal Practice and Procedure</u> § 2687 (4th ed. 2016) ("[A] defaulting party who has failed to appear, thereby manifesting no intention to defend, is not entitled to notice of the application for a default judgment under either Rule 55(b)(1) or Rule 55(b)(2)[, Fed. R. Civ. P.]").

Based on the foregoing, the February 2023 judgment is affirmed. Woods Construction's request for attorney's fees on appeal is denied.

AFFIRMED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.

---

yet been entered against that defendant. <u>See</u> <u>Earls</u>, at n.1. The split revolves around the issue whether it is the fact of default or the default entry of the clerk that controls the determination whether a party is in default for purposes of the service requirement of Rule 5(a).